Chief Arburt Robinson Fire Chief, West Memphis Fire Department 200 North Seventh Street West Memphis, AR 72301
Dear Chief Robinson:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for my opinion on whether the decision by the City of West Memphis to release certain documents in response to a request under the Arkansas Freedom of Information Act ("FOIA") is consistent with the FOIA (A.C.A. §§ 25-19-101 through -109 (Repl. 2002 and Supp. 2005)). Specifically, you seek my opinion regarding the release of the four documents that you submitted with your request, which consist of a complaint and three other records.[1]
RESPONSE
It is my opinion that the City's decision with respect to the complaint and two of the three remaining records is consistent with the FOIA. I cannot definitively opine with respect to the last of the remaining records because I cannot determine the precise disciplinary action to which it relates. The relevant test is set forth below.
With regard, first, to the complaint document, it is my opinion that this record constitutes a "personnel record" of the complainant and of other employees mentioned in the complaint.See A.C.A. § 25-19-105(b)(12) (the personnel records exception under the FOIA). I reach this conclusion based upon my understanding of the circumstances surrounding the creation of this record. According to my understanding, the complaint initially was made orally. It was then placed in writing at the Mayor's request, consistent with the normal routine and not as a result of a decision to investigate the complaint. It is my opinion, consistent with previous opinions of this office, that the complaint under these circumstances constitutes a "personnel record" within the meaning of the FOIA. See generally Op. Att'y Gen. Nos. 2005-279, 2001-191, and 2001-123. See also Op. Att'y Gen. 2003-336 (stating this office's position that "personnel records" are any records other than "employee evaluation or job performance records" (discussed below) which relate to the individual employee). The treatment of this complaint document as a personnel record is in contrast to the treatment of records generated by third parties at the behest of an employer as a part of an investigation of an employee's conduct. The latter records ordinarily are properly classified as "employee evaluation or job performance records" which are subject to a separate test under the FOIA. See A.C.A. § 25-19-105(c)(1) and Op. Att'y Gen.2001-123 (discussing the general distinction between unsolicited complaints and records that are created as part of an investigation into the conduct of an employee).
Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the subject of the records. A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and has adopted a balancing test to determine whether an individual has a protectable privacy interest in a particular personnel record. The balancing test essentially involves weighing the interests of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the records. Id. at 598. This will ordinarily be the case if the public interest is substantial (id.), or even if the public interest is modest unless the privacy interest is substantially heightened. See Op. Att'y Gen. Nos. 2002-087 and 90-335. Disclosure will also generally be required under this balancing test if the public interest and the privacy interest are both minimal because the balance is tipped in favor of disclosure under the "clearly unwarranted" test. Id. If there is little public interest in the information, however, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). The Supreme Court has also made clear that the privacy balancing test must be undertaken with reference to the particular facts in light of the unique circumstances attending the specific records in question. Id.See also Op. Att'y Gen. 2005-133.
The question of whether the release of any particular personnel records would constitute a "clearly unwarranted invasion of personal privacy," under this balancing test, is a question of fact for the custodian. Op. Att'y Gen. 98-001. With regard to the particular complaint document at issue, it seems that the City has made a determination that this record's release would not constitute a clearly unwarranted invasion of the personal privacy of the employee who was the subject of the complaint or of the complainant or any other employees mentioned in the complaint. In my opinion, this decision is consistent with the FOIA. It is my determination based upon a review of the record that the privacy interest, if any, of the complainant and the other named employees is minimal. Regarding the subject of the complaint, I find no privacy interest sufficient to overcome the significant public interest in a record such as this involving the conduct of a high ranking public official. See also J. Watkins and R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 193-94 (mm press, 4th ed. 2004) (remarking that "the personnel records of high-ranking officials are less likely to be exempt than the records of other employees, given the greater public interest in their performance.")
With regard to the other three documents in question, I find that these constitute job performance records under the FOIA, the release of which is subject to a separate test under A.C.A. §25-19-105(c)(1). This office has consistently interpreted the term "job performance record" in its ordinary-language sense as referring to any document that relates to the quality of an employee's performance in a particular instance or instances, including those reflecting disciplinary action and the basis for such action. See Op. Att'y Gen. 2001-244 (and opinions noted therein). This includes letters notifying employees of disciplinary action if such letters include information concerning the incident(s) that gave rise to the action. See,e.g., Op. Att'y Gen. Nos. 2003-257 and 2000-267. Consistent with previous opinions of this office, therefore, I conclude that the three remaining records are properly classified as job performance records.
Records reflecting job performance are disclosable under the FOIA only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
I believe it is clear from the face of two of the documents that these conditions for release have been met. I refer to the two records relating directly to the investigation of the complaint. Applying the above test, I first note that the first part of the test appears to be satisfied. The action was taken by the Mayor pursuant to his supervisory authority and his power to act on the complaint.[2] According to my review, this action is final.Compare A.C.A. § 14-42-110(a)(1) (Repl. 1998) (authorizing a 2/3 vote by city council to override mayor's removal of a department head). Regarding the second prong of the test, it has been stated that "this prong of the test `is generally interpreted to mean that the records in question reflect or detail the incidents or conduct that led to the suspension.'" Op. Att'y Gen. 2005-030, quoting Op. Att'y Gen. 2002-158; seealso Op. Att'y. Gen. 2001-144. The two documents in my opinion meet this part of the test. As for the existence of a "compelling public interest in disclosure" (the final prong of the test), the custodian evidently has determined based upon your high rank and supervisory position, coupled with the nature of the conduct at issue, that disclosure is required. Based on the information before me, I see no reason to conclude that this is inconsistent with legislative intent under § 25-19-105(c)(1). See alsogenerally THE ARKANSAS FREEDOM OF INFORMATION ACT, supra, at 204-207 (identifying general guidelines for determining whether a "compelling public interest" exists as contemplated by A.C.A. §25-19-105(c)(1)). I therefore conclude that the conditions for the release of these two records have been met.
I cannot definitively state whether the above test is met with respect to the third document. In my opinion, this will depend upon whether this record in fact relates to a suspension or termination action. This is not immediately apparent from the face of the document. It should be noted in this regard that disciplinary action short of suspension or termination will not meet the initial threshold for the release of evaluation/job performance records. Id. That is, any disciplinary action short of suspension of termination should remain confidential. See,e.g., Op. Att'y Gen. 2001-244. You have stated that the City believes all of the documents are subject to disclosure. Assuming that the third document in fact relates to a suspension or termination, then in my opinion the City's decision is consistent with the FOIA in all respects.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The requester in this instance seeks "all documents of any activities concerning Chief Robinson that occurred over the week of May 1 to present that include any discipline, investigation or recommendation of discipline of Chief Robinson." E-mail from Law Office O'Neal to Jeannette Denham (May 7, 2006). It is my assumption that the documents you have provided are the only ones responsive to this FOIA request.
[2] Arkansas Code Annotated § 14-43-504(b) (Repl. 1998) provides in relevant part:
(b) The mayor shall:
 (1) Supervise the conduct of all the officers of the city, examine the grounds of all reasonable complaints made against them, and cause all their violations of duty or other neglect to be properly punished or reported to the proper tribunal for correction[.]